UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV828 CDP |
| ) | |
| MICHAEL BOWERSOX[1], ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Marvin Stewart for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Audrey Fleissig for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On September 30, 2009, Judge Fleissig filed her recommendation that petitioner's habeas petition should be denied, but recommended that a certificate of appealability be granted on Stewart's claim of juror misconduct. Stewart timely objected to Judge Fleissig's Report and Recommendation, and filed supplemental objections. The objections addressed the claims of juror misconduct and ineffective assistance of counsel for failure to call a witness. I have conducted a *de novo* review of all matters relevant

---

[1] Petitioner named David Dormire as the named Respondent. Petitioner has since moved to a different facility, at which Michael Bowersox is the warden. Michael Bowersox is substituted as the named Respondent under 28 U.S.C. § 2254, Rule 2(a).

to the petition (including the grounds as to which there was no objection), and conclude that the petition should be denied for the reasons stated by Judge Fleissig. Stewart's objections merely restate the arguments raised in his habeas petition. Stewart's trial counsel was not ineffective, and Stewart was not prejudiced by the alleged juror misconduct.

Contrary to Stewart's assertion that a presumption of prejudice arises under both federal and state law when a juror is exposed to extraneous information, Judge Fleissig applied the correct standard for habeas review of such a claim. This standard is the standard announced in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), and applied to a juror misconduct claim in *Vigil v. Zavaras*, 298 F.3d 935 (10th Cir. 2002). In a habeas corpus context, as here, the federal or state law presumption of prejudice that may apply on direct review does not apply. In a habeas context, a federal court may only grant relief on a juror misconduct claim where the alleged misconduct "had substantial and injurious effect or influence in determining the jury's verdict." *Vigil v. Zavaras*, 298 F.3d 935, 941 (10th Cir. 2002); *see also Helmig v. Kemna*, 461 F.3d 960, 963 (8th Cir. 2006) (applying *Vigil*, holding that "to warrant relief [on a juror misconduct claim], [a] habeas petitioner . . . must prove that the [extraneous information] was both extraneous and prejudicial," and refusing to apply to a state habeas case a presumption of jury

prejudice.). Judge Fleissig correctly and completely analyzed the record and the law, and I will therefore adopt and sustain her thorough reasoning.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Judge Fleissig recommended that a certificate of appealability be issued on the question of juror misconduct because it was a close question. I do not believe that either claim for relief presents a close question, however, and I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on September 20, 2009 [#46] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Marvin Stewart's Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing [#36] is denied.

**IT IS FURTHER ORDERED** that as Stewart has not made a substantial showing of the denial of a constitutional right, this Court will not issue a certificate of appealability.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2010.